PRICE MEESE SHULMAN & D'ARMINIO, P.C.
50 Tice Boulevard, Suite 380
Woodcliff Lake, NJ 07677
Tel. (201) 391-3737
Fax (201) 391-9360
William D. Bierman, Esq.
Rick A. Steinberg, Esq.
rsteinberg@pricemeese.com

Attorneys for Defendant, Tribeca Automotive, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PEDRO ROBERTS, et al., : <br> : <br> Plaintiffs, : <br> : <br> vs. : <br> : <br> TRIBECA AUTOMOTIVE, INC., : <br> : <br> Defendant. : <br> : | Civil Action No. <br><br> **NOTICE OF REMOVAL PURSUANT TO CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(d)** |

Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), as well as 28 U.S.C. §§ 1441, 1446 and 1453(b), defendant, Tribeca Automotive, Inc. ("Defendant" or "Tribeca") hereby removes this case from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey, Newark vicinage. Defendant states the following as grounds for removal.

**PROCEDURAL BACKGROUND OF THE CASE**

1. On or about August 1, 2016, Plaintiff, Pedro Roberts ("Plaintiff"), commenced this action by filing a Class Action Complaint and Jury Demand in the Superior Court of New Jersey, Essex County, Law Division, Civil Part. The suit was assigned Docket No. ESX-L-5298-

1

16.     A copy of the state court Summons, Complaint and Plaintiff's Civil Case Information Statement is attached hereto as Exhibit "A."

2.      The Complaint alleges violations of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4, and the New Jersey Wage Payment Collection Law, N.J.S.A. 34:11-2. The Complaint alleges that certain independent contractor truck drivers for Defendant are really employees and are misclassified as independent contractors.

3.      The Complaint does not claim or demand any particular monetary amount of damages, only "full compensation for all hours worked, including all legally required overtime payments, with interest…."

4.      Paragraph 24 of the Complaint states that "This value [sic] of this matter falls below the $5 million threshold of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

5.      On October 13, 2016, Defendant filed an Answer and Affirmative Defenses to the Complaint in state court, since the Complaint stated that the value of the matter falls below the $5 million threshold of the Class Action Fairness Act.  A copy of Defendant's Answer and Affirmative Defenses, Case Information Statement and Stipulation to Extend Time to Answer filed in the Superior Court of New Jersey is attached hereto as Exhibit "B."

6.      On June 23, 2017, Plaintiff filed a motion for class certification and partial summary judgment that the drivers are employees of Defendant, not independent contractors.

7.      On October 11, 2017, Judge Keith E. Lynott of the Superior Court of New Jersey entered an Order granting Plaintiff's motion for class certification, but divided the class into two sub-classes as set forth in the accompanying Statement of Reasons, one class consisting of

owner-operators and the other class consisting of non-owner operators. A copy of the Order and Statement of Reasons dated October 11, 2017 is attached hereto as Exhibit "C."

8. Judge Lynott denied plaintiff's motion for partial summary judgment, finding that a genuine issue of material fact existed whether the drivers are independent contractors or employees of Defendant. *See* the Order and Statement of Reasons dated October 11, 2017 attached hereto as Exhibit "C."

9. On April 5, 2018, in response to Defendant's long standing, repeated demand to Plaintiff for a Statement of Damages, Plaintiff served Defendant with a Statement of Damages, stating that "Plaintiff and the Classes estimate their damages to be **$5,752,515.51**, exclusive of statutory attorneys' fees and costs." (emphasis in original). A copy of Plaintiff's Statement of Damages dated April 5, 2018, in which Plaintiff states that its damage claim is $5,752,515.51, is attached hereto as Exhibit "D."

10. The April 5, 2018 Statement of Damages was the first notice to Defendant that Plaintiff claims damages in excess of $5 million.

## BASIS FOR FEDERAL DISTRICT COURT JURISDICTION

## CLASS ACTION FAIRNESS ACT

11. The Class Action Fairness Act, 28 U.S.C. § 1332(d)(1)(D)(2) states in pertinent part that: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which— (A) any member of a class of plaintiffs is a citizen of a State different from any defendant…."

3

12. In this case, members of the two classes are citizens of New Jersey, New York, and Florida, and the total number of class members in the two classes totals approximately 142, according to Plaintiff. *See* the list of class members claimed by Plaintiff, attached to Plaintiff's Statement of Damages as Exhibits "A" and "B."1

13. Defendant, Tribeca is a citizen of New Jersey, being a New Jersey corporation with its principal place of business at 555 U.S. Highway 1 South, Iselin, New Jersey 08830.

14. Thus, at least one class member is a citizen of a state other than New Jersey, which is the citizenship of Defendant, Tribeca, for purposes of diversity of citizenship pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

**REMOVAL**

15. The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), confers federal court jurisdiction over any class action involving: (1) 100 or more class members; (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, that is, where at least one plaintiff and one defendant are citizens of different states. Cutrone v. Mortg. Elec. Registration Sys., 749 F.3d 137, 142 (2d Cir. 2014). *Accord*, Portillo v. Nat'l Freight, Inc., 169 F. Supp.3d 585, 592 (D.N.J. 2016) (Simandle, C.J.).

16. CAFA dramatically expanded the role of the federal judiciary in class action litigation, and reflects a clear preference for qualifying class actions to be heard in federal court. 169 F. Supp. 3d at 589. CAFA generally envisions a broad jurisdictional grant to the federal courts. Id. at 596.

---

1 Plaintiff has not yet served a Class Action Notice, so the class members have not yet had the opportunity to opt out of the classes, as allowed by New Jersey Court Rule 4:32. Defendant reserves all arguments regarding members opting out of the classes, and does not concede the number of class members claimed by Plaintiff.

4

17. In CAFA cases, the 30-day removal periods of 28 U.S.C. §§ 1446(b)(1) and (3) are not triggered until the plaintiff serves the defendant with an initial pleading or other paper that explicitly specifies the amount of monetary damages sought or sets forth facts from which an amount in controversy in excess of $5,000,000 can be ascertained. Cutrone, 749 F.3d at 138. *Accord*, Portillo, 169 F. Supp.3d at 596.

18. In addition, where a plaintiff's papers fail to trigger the removal clocks of 28 U.S.C. § 1446(b)(1) and (3), a defendant may remove a case when, upon its own independent investigation, it determines that the case is removable. 749 F.3d at 138. Thus, the 30-day removal periods of 28 U.S.C. § 1446(b)(1) and (3) are not the exclusive authorizations for removal in CAFA cases. Id. *Also see* Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121 (9th Cir. 2013).

19. As stated by Chief Judge Simandle in Portillo, *supra*, the Third Circuit has recognized that a defendant may be able to remove an action under CAFA well into the course of litigation upon discovery of facts supporting removal. 169 F. Supp.3d at 596, citing Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 509 (3d Cir. 2014).

20. This case was timely removed because the Notice of Removal was filed within 30 days of receipt of Plaintiff's Statement of Damages on April 5, 2018, which was the first indication to Defendant that Plaintiff claimed damages in excess of $5,000,000; and because there is no one-year limitation on removal pursuant to 28 U.S.C. § 1453(b).

21. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached hereto as Exhibit "A" a copy of the Summons, Complaint and Civil Case Information Statement.

22. Pursuant to 28 U.S.C. § 1446(a) and (d), Defendant will file a copy of this

Notice of Removal with the Superior Court of New Jersey, Essex County, Law Division, Civil Part, and will provide prompt notice of filing to all parties and file proof of service of all notices and filings with the Clerk of the United States District Court for the District of New Jersey.

**WHEREFORE**, Defendant removes this action from the Superior Court of New Jersey, Essex County, Law Division, Civil Part, to the United States District Court for the District of New Jersey.

        Respectfully submitted,

        **PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.**

By:    /s/ Rick A. Steinberg_____
        Rick A. Steinberg, Esq.
        50 Tice Boulevard, Suite 380
        Woodcliff Lake, New Jersey 07677
        (T) 201-391-3737
        (F) 201-391-9360
        rsteinberg@pricemeese.com
        Attorneys for Defendant, Tribeca Automotive, Inc.

Dated: April 26, 2018

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing has been served via electronic filing in the ECF system of the Superior Court of New Jersey with a Notice of Filing of this Notice of Removal, this 26th day of April, 2018, upon:

Ravi Sattiraju, Esq.
The Sattiraju Law Firm, P.C.
116 Village Boulevard, Suite 200
Princeton, NJ 08540
Attorneys for Plaintiff, Pedro Roberts

Clerk, Superior Court of New Jersey
Law Division, Essex County
50 West Market Street, Room 131
Newark, New Jersey 07102

        /s/ Rick A. Steinberg
        Rick A. Steinberg, Esq.
        **PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.**
        50 Tice Boulevard, Suite 380
        Woodcliff Lake, New Jersey 07677
        (T) 201-391-3737
        (F) 201-391-9360
        rsteinberg@pricemeese.com
        Attorneys for Defendant, Tribeca Automotive, Inc.

Dated: April 26, 2018