## SUMMONS

| | |
|---|---|
| Attorney(s) | Ravi Sattiraju, Esq. |
| Office Address | The Sattiraju Law Firm, P.C. |
| | 116 Village Boulevard, Suite 200 |
| Town, State, Zip Code | Princeton, NJ 08540 |
| Telephone Number | (609) 799-1266 |
| Attorney(s) for Plaintiff | Pedro Roberts, on behalf of himself and all other similarly situated persons, |

## Superior Court of New Jersey

Essex COUNTY
Law DIVISION

Docket No: ESX-L-5298-16

Plaintiff(s)

Vs.
Tribeca Automotive, INC., ABC Corp., & Jane and John Does

Defendant(s)

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s Michelle M. Smith
_ Clerk of the Superior Court

DATED: 08/09/2016

Name of Defendant to Be Served: Tribeca Automotive, Inc.

Address of Defendant to Be Served: c/o United States Corp Agents Inc, 330 Changebridge Rd, Pine Brook, NJ 07058

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Ravi Sattiraju Esq. | (609) 799-1266 | Essex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| The Sattiraju Law Firm, P.C. | L-5298-16 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 116 Village Boulevard, Suite 200<br>Princeton, NJ 08540 | Class Action Complaint |

JURY DEMAND ■ YES ☐ No

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Pedro Roberts, on behalf of himself and all other similarly situated persons | Pedro Robers, on behalf of himself and all other similarly situated persons v. Tribeca Automotive, Inc., ABC CORP., and Jane & John Does |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 509 | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ YES ■ No | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ YES ■ No | ☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ■ YES ☐ No | ■ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ■ YES   ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

Putative Class Action - Track IV requested

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ YES  ■ No | |
| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| ☐ YES  ■ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 12-07-2015, CN 10517-English                                                                              page 1 of 2

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category** ■ **Putative Class Action** ☐ Title 59

**THE SATTIRAJU LAW FIRM, P.C.**
Ravi Sattiraju, Esq. (Attorney Id. No. 035251998)
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
Tel: (609) 799-1266
Fax: (609) 799-1267
Attorneys for Plaintiff and All Other
Similarly Situated Persons

AUG - 1 2016
LAW DIVISION
RECEIVED/FILED

| | |
|---|---|
| PEDRO ROBERTS, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| On behalf of himself and all other similarly situated persons, | ESSEX COUNTY |
| Plaintiff, | DOCKET NO. L-5298-16 |
| v. | Civil Action |
| TRIBECA AUTOMOTIVE, INC., ABC CORP., & JANE AND JOHN DOES | |
| Defendants. | **CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Pedro Roberts (hereinafter "Plaintiff"), on behalf of himself and all other similarly situated persons, by way of Class Action Complaint against Defendants, Tribeca Automotive, Inc., ABC Corps. and Jane and John Does, states as follows:

## THE PARTIES

1. Plaintiff Pedro Roberts has resided in Newark, New Jersey at all times relevant to this matter, and was employed by Defendants from approximately February 2015 to March 2016.

2. The Class of similarly situated plaintiffs, who all worked in New Jersey at all times relevant to this matter, is defined as:

> All individuals that were based out of the Tribeca Automotive, Inc. facility in Carteret, New Jersey that performed truck driving and/or delivery functions from July 2014 to the present for the New Jersey Wage Payment

1

Law claim and from July 2014 to the present for the New Jersey Wage and Hour Law claim.

3. Plaintiff, and other similarly situated employees (the "Class Members") performed services as truck drivers and/or deliverers, based out of the Carteret, New Jersey facility, for customers throughout New Jersey and surrounding areas.

4. Defendant, Tribeca Automotive, Inc. is an employer of Plaintiff and the Class Members as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. and New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq., and has its primary place of business at 1179 Roosevelt Avenue, New Jersey, 07008.

5. Defendants, ABC Corps. and Jane and John Does, are joint employers of the Plaintiff and the Class Members as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. and New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

6. Venue is proper in this Court given that Plaintiff resides in Essex County.

## SPECIFIC ALLEGATIONS

7. Plaintiff and all Class Members were assigned to perform non-exempt tasks as deliverers and/or truck drivers for Defendants and were based out of their facility in Carteret, New Jersey.

8. Defendants controlled the manner and means in which Plaintiff and all Class Members performed their duties. Specifically, Plaintiff and all Class Members all reported to work at the Carteret location, took instruction from Defendants and its employees, were required to wear clothing with Defendants' name on it, communicated with Defendants and their employees while performing their truck driving and/or delivery functions during the workday and handled paperwork and invoices with Defendants' customers. Defendants had the authority to reprimand and terminate Plaintiff and all Class Members. As such, Defendants were the

employer of Plaintiff and all other Class Members under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. and New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

9. Plaintiff and all Class Members had monies deducted from their compensation, including but not limited to damage to products in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

10. Plaintiff and all Class Members were misclassified as independent contractors when they should have been classified as employees of Defendants.

11. Plaintiff and all Class Members performed truck driving and/or delivery functions based in the Carteret, New Jersey facility.

12. Plaintiff and all Class Members are not independent contracts as defined by N.J.S.A. 43:21-19(i)(6)(A)(B)(C).

13. Plaintiff and all Class members are not exempt under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. and New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

14. Plaintiff and all Class Members routinely worked far in excess of forty (40) hours per week for Defendants and were not paid 1.5 times their hourly rate when they worked over forty (40) hours per week.

15. Defendants' ongoing illegal policies of failing to pay Plaintiff and Class Members for time worked has resulted in Plaintiff and Class Members being denied substantial legally required compensation and/or overtime payments given that Plaintiff and Class Members routinely worked in excess of forty hours per week.

16. This action is brought and may properly proceed as a class action, pursuant to R. 4:32 of the Rules Governing the Court of the State of New Jersey.

17. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

18. There are questions of law and fact common to all members of the Class that predominate over questions affecting only individuals. These common questions include:

> a. Whether Class Members were not paid 1.5 times their hourly rate when they worked over 40 hours per week; and
>
> b. Whether this conduct violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.
>
> c. Whether Class Members had monies deducted from their compensation in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

19. Plaintiff does not have interests antagonistic to those of the Class Members. Plaintiff's claims are typical of the claims of the Class Members.

20. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in this type of matter.

21. Common questions of law and fact predominate over any questions that only affect individual class members.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and will cause an orderly and expeditious administration of the Class' claims.

23. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

24. This value of this matter falls below the $5 million threshold of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

4

## COUNT ONE

### NEW JERSEY WAGE AND HOUR LAW

25. Plaintiff reasserts Paragraphs above as if set forth at length herein.

26. Defendants' conduct against the Class Members violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. by failing to compensate Class Members for all hours worked, and not paying overtime when Class Members worked over 40 hours per week.

27. As a result of Defendants' conduct, the Class Members have endured significant economic damages.

**WHEREFORE,** Plaintiff, on behalf of himself and all other Class Members, respectfully requests that the Court enter judgment in his favor, together with (i) full compensation for all hours worked, including all legally required overtime payments, with interest; (ii) pre-judgment and post-judgment interest at the highest rates allowed by law; (iii) attorneys' fees, costs and expenses with appropriate enhancement; and (iv) all other legally permissible relief that the Court deems appropriate.

## COUNT TWO

### NEW JERSEY WAGE PAYMENT LAW

28. Plaintiff reasserts Paragraphs 1-28 as if set forth at length herein.

29. Defendants' conduct violates the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq. because Defendants illegally withheld monies from Plaintiff and Class Members in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

30. As a result of Defendants' conduct, Plaintiff and the Class Members have endured significant economic damages.

**WHEREFORE,** Plaintiff, on behalf of himself and all other Class Members, respectfully requests that the Court enter judgment in his favor, together with (i) full compensation for all hours worked, including all legally required overtime payments, with interest; (ii) pre-judgment and post-judgment interest at the highest rates allowed by law; (vii) attorneys' fees, costs and expenses with appropriate enhancement; and (iv) all other legally permissible relief that the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

THE SATTIRAJU LAW FIRM, P.C.
Ravi Sattiraju, Esq.
NJ Bar Id. No. 035251998
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
Attorneys for Plaintiff and All Other
Similarly Situated Persons

Date: July 29, 2016

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:5-1(c), Ravi Sattiraju, Esq. is hereby designated as trial counsel for Plaintiff and all Class Members.

THE SATTIRAJU LAW FIRM, P.C.
Ravi Sattiraju, Esq. (Attorney Id. No. 035251998)
NJ Bar Id. No. 035251998
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
Attorneys for Plaintiff and All Other
Similarly Situated Persons

Date: July 29, 2016

**CERTIFICATION PURSUANT TO R. 4:5-1**

I hereby certify, pursuant to Rule 4:5-1 that the matter in controversy herein is the subject of no other pending legal proceeding or arbitration nor is any other legal proceeding contemplated to the best of my information and belief. Further, I know of no other party who should be joined in this lawsuit.

RAVI SATTIRAJU
NJ Bar Id. No. 035251998

Date: July 29, 2016

7