UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **PEDRO ROBERTS,** | : | Civil Action No. 18-8330 (JMV) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **REPORT & RECOMMENDATION** |
| | : | |
| **TRIBECA AUTOMOTIVE, INC. et al,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Pedro Roberts ("Plaintiff") to remand this matter to the Superior Court of New Jersey, Law Division, Essex County [ECF No. 5]. Defendant Tribeca Automotive, Inc. ("Defendant" or "Tribeca Automotive") opposes Plaintiff's motion [ECF No. 8]. Pursuant to Local Civil Rule 72.1(a)(2), the Honorable John Michael Vazquez, U.S.D.J., referred the present Motion to the undersigned for Report and Recommendation. Having considered that parties' written submissions pursuant to Federal Rule of Civil Procedure 78, for good cause shown and for the reasons set forth herein, it is respectfully recommended that Plaintiff's motion to remand be **GRANTED**.

**I.    BACKGROUND**

This class action suit was filed by Plaintiff in the Superior Court of New Jersey, Law Division, Essex County on August 1, 2016. Compl., ECF No. 1-1. The Complaint contained two counts for violations of the New Jersey Wage and Hour Law ("NJWHL"), *N.J.S.A.* 34:11-56a, and the New Jersey Wage Payment Collection Law ("NJWPCL"), *N.J.S.A* 34:11-2. Compl. ¶¶ 25-30. According to the Complaint, the proposed class consists of "[a]ll individuals that were based out

of the Tribeca Automotive, Inc. facility in Carteret, New Jersey that performed truck driving and/or delivery functions . . ..." Compl. ¶ 2. Plaintiff's Complaint does not seek a specific amount of monetary damages. Rather, the Complaint claims that the value of this matter falls below the $5,000,000.00 required for this Court to have jurisdiction under the Class Action Fairness Act ("CAFA"). *Id.* ¶ 24. At all relevant times, Plaintiff resided in Newark, New Jersey, and was employed by Defendant, a New Jersey corporation. *Id.* ¶¶ 1-6.

Almost two years after Plaintiff filed his Complaint, on April 26, 2018, Defendant removed this action to this Court. Notice of Removal ("NOR"), ECF No. 1. In the Notice of Removal, Defendant asserts that this Court has diversity jurisdiction under CAFA, 28 § U.S.C. 1332(d). *Id.* at 3. On May 25, 2018, Plaintiff filed a motion to remand contending that Defendant failed to establish federal jurisdiction. ECF No. 5. Plaintiff further asserted that even if Defendant were to establish jurisdiction, this Court should remand this matter under the CAFA discretionary exception. *Id.* In opposition, Defendant argues that removal was proper and, because this case involves a matter of national interest, this Court should retain jurisdiction. ECF No. 8 at 12.

## II.     LEGAL STANDARD

### A. The Removal Statute and Requirement for Diversity Jurisdiction Under CAFA

The removal statute, 28 U.S.C. § 1441(a), permits only state-court actions that originally could have been filed in federal court to be removed. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Because Plaintiff's Complaint contains only claims under

2

the NJWHL and NJWPL, there is no federal question jurisdiction under 28 U.S.C. § 1331. At issue is whether the Court has diversity jurisdiction to hear Plaintiff's claims.

Diversity jurisdiction in class action cases is governed by the Class Action Fairness Act of 2005. Congress passed CAFA to put an end to certain allegedly abusive practices by plaintiffs' class counsel, and because it was concerned that class actions were too often precluded from federal court by unnecessary procedural requirements. *See* S. Rep. No. 109–14, at 43, 2005 U.S.C.C.A.N. 3, 41 (2005); *see also Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 148–49 (3d Cir. 2009). CAFA sought to address these problems by amending the federal diversity statute to "broaden[ ] federal diversity jurisdiction over class actions with interstate implications." *Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, 169 F. Supp. 3d 598, 601 (D.N.J. 2016) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1193 (11th Cir. 2007)).

Section 1332(d)(2) provides federal district courts "original jurisdiction" over a case when three requirements are met: (1) an amount in controversy that exceeds $5,000,000; (2) minimally diverse parties; and (3) a class consisting of at least 100 or more members (the numerosity requirement). *Standard Fire Ins. Co. v. Knowles*, ––– U.S. ––––, 133 S.Ct. 1345, 1348, 185 L.Ed.2d 439 (2013). With respect to the second requirement, known as the "minimal diversity" requirement, CAFA provides that diversity is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In contrast to the complete diversity requirement of § 1332(a), § 1332(d)(2) requires "only one member of the plaintiff class—named or unnamed—[to] be diverse from any one defendant" for diversity to be satisfied. *Gallagher* 169 F. Supp. 3d at 602 (citation omitted).

CAFA also provides exceptions to federal court jurisdiction, one of which is called the "discretionary exception." Under this exception, the district court may decline jurisdiction over a

class in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(3). Before exercising that discretion, a court must engage in a totality of the circumstances balancing test, considering a number of statutorily enumerated factors.[1] These factors are designed to elicit whether the parties' dispute is "uniquely local" as opposed to multistate in character. *Dicuio v. Brother Int'l Corp.*, No. CIV.A. 11-1447 FLW, 2011 WL 5557528, at *2 (D.N.J. Nov. 15, 2011) (citation omitted). If the balance of factors suggests that the dispute is local, the court may exercise its discretion to remand. *Id.*

### B. The Standard of Review and Burden of Persuasion

Although removal statutes must generally be strictly construed, with any doubt to be resolved in favor of remand, *see*, *e.g.*, *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009), the presumption against removal does not apply to class actions invoking jurisdiction under the Class Action Fairness Act. Congress enacted CAFA to facilitate class actions in federal court, and its "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, ––– U.S. ––––, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014) (quoting S. Rep. No. 109-14, p. 43 (2005)).

---

[1] The factors are:
    (A) whether the claims asserted involve matters of national or interstate interest;
    (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
    (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
    (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
    (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
    (F) whether, during the 3–year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.
28 U.S.C. § 1332(d)(3).

To decide whether CAFA's jurisdictional requirements are satisfied, a court will consider the allegations in the complaint and in the defendant's notice of removal. *Judon v. Travelers Property Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014); *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007). The party asserting jurisdiction—here, Defendant Tribeca Automotive, Inc.—has the burden of demonstrating that the case is properly before the federal court. *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010) (citations omitted); *Judon*, 773 F.3d at 500. And, where relevant facts are in dispute, the removing party must justify its allegations by a preponderance of the evidence. *Frederico*, 507 F.3d at 194. However, once jurisdiction has been established, the burden shifts to the party seeking remand to show that an exception requiring remand—in this case, the discretionary exception to CAFA—applies. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009); *see also Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 698, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003) ("[W]henever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception.").

### III. DISCUSSION

#### A. Whether this Court has Original Jurisdiction Under CAFA

The Notice of Removal filed by Defendant asserts that this Court has original jurisdiction over this case under CAFA. As noted above, CAFA provides the federal district courts with "original jurisdiction" to hear a "class action" if the class has more than 100 members, the parties are minimally diverse, and the "matter in controversy exceeds the sum or value of $5,000,000." *Standard Fire Ins. Co.*, 568 U.S. at 592 (citing 28 U.S.C. § 1332(d)(2), (d)(5)(B)). Here, Plaintiff does not dispute that the class has more than 100 members, nor does Plaintiff dispute that the

parties are minimally diverse. Rather, Plaintiff contends that Defendant has not established the requisite amount in controversy for this Court to have jurisdiction.

Where the plaintiff expressly limits the amount in controversy to an amount lower than the jurisdictional requirement, "[t]he party wishing to establish subject matter jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold." *Frederico*, 507 F.3d at 195 (citing *Morgan v. Gay,* 471 F.3d 469, 473 (3d Cir. 2006)). In other words, if Defendant cannot establish to a legal certainty that Plaintiff can recover the jurisdictional amount, then the case must be remanded. Here, Plaintiff's Complaint asserts that the "value of this matter falls below the $5 million threshold of the Class Action Fairness Act, 28 U.S.C. § 1332(d)." Compl. ¶ 24. Therefore, this Court must remand this matter unless Defendant proves to a legal certainty that the amount in controversy exceeds the statutory threshold. *Frederico*, 507 F.3d at 195.

To determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court. *Morgan,* 471 F.3d at 474. Thus, the Court examines Defendant contentions set forth therein. In the Notice of Removal, Defendant asserts that "[t]his case was timely removed because the Notice of Removal was filed within 30 days of receipt of Plaintiff's Statement of Damages on April 5, 2018, which was the first indication to Defendant that Plaintiff claimed damages in excess of $5,000,000." NOR ¶ 20. In support of its Notice of Removal, Defendant submits a correspondence it received from Plaintiff which Defendant proffers provided grounds for removal. Exhibit D Statement of Damages, ECF No. 1-4 ("Exhibit D" or "Plaintiff's Correspondence"). Exhibit D expressly provides that "Plaintiff and the Classes

6

estimate their damages to be $5,752,515.51." *Id*. Based on this statement, Defendant contends that the amount in controversy requirement has been satisfied.

With respect Defendant's contention regarding the amount in controversy, Plaintiff contends that its correspondence [Ex. D] was a "Settlement Demand Letter" and is inadmissible under Federal Rules of Evidence 408. ECF No. 5-1 at 19. While the Court makes no determination on the admissibility of Plaintiff's correspondence, based on the information contained in Exhibit D, and the parties' pleadings and motion papers, the Court finds that Defendant has not proved to a legal certainty that the amount in controversy exceeds the statutory threshold. Defendant's sole basis for satisfying the amount in controversy relies on the context of Plaintiff's Correspondence. This reliance is fatal to Defendant's motion because the context of the letter fails to demonstrate, with even the slightest detail, how the demand was calculated and what variables were included to reach the amount. For example, Plaintiff's Correspondence does not include the number of hours the proposed class members were already compensated for, nor does it include their salaries or the calculation for how the estimate of damages were reached. Based on these reasons, the Court is not satisfied that Defendant has proved to a legal certainty that Plaintiff can recover the requisite amount in controversy for this Court to exercise jurisdiction over this matter.

### B. Discretionary Exception

Even assuming Defendant did establish federal court jurisdiction, the Court may decline to exercise jurisdiction pursuant to the discretionary exception under CAFA. As stated above, the party resisting federal jurisdiction pursuant to one of CAFA's exception provisions bears the burden of demonstrating that a CAFA exception applies. *Kaufman*, 561 F.3d at 153. CAFA permits district courts to decline jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate

and the primary defendants are citizens of the State in which the action was originally filed. Here, Plaintiff proffers that ninety-one (91) of the one hundred and forty-three (143) total class members, or sixty four percent, are citizens of New Jersey. ECF No. 5-1 at 12. Plaintiff further submits that Defendant is a citizen of New Jersey. *Id*. In its opposition, Defendant does not challenge Plaintiff's submission with respect to these statutory prerequisites. Accordingly, the Court finds that the prerequisites for the application of the discretionary exception have been met. The Court shall therefore consider the six enumerated statutory factors to determine whether this Court should decline jurisdiction.

The claims asserted in this lawsuit involve the home state's labor law statutes.[2] The proposed class of plaintiffs, predominantly New Jersey citizens, seek redress for the failure to pay for all hours worked and overtime, and for unlawful deduction of wages, committed by Defendant, a New Jersey corporation. Although Defendant argues that this matter is of national interest because the drivers cross state lines to make deliveries, Plaintiff claims in this matter arise from his employment with Defendant in its New Jersey facility. Thus, the claims asserted do not involve a matter of national or interstate interest. Additionally, the claims asserted will be governed by the laws of New Jersey because Plaintiff's Complaint asserts violations of the NJWHL and NJWPL. Plaintiff does not assert any other state or federal violations. Thus, factors A and B weigh in favor of remand.

With respect to factors D, E and F, these factors also weigh in favor of remand. Here, it is clear that New Jersey has a distinct nexus with the class members, the alleged harm and Defendant. Defendant and the majority of the proposed class of plaintiffs, sixty-four percent, are citizens of New Jersey. Plaintiff's Complaint alleges that the proposed class of plaintiffs worked in the New

---

[2] Plaintiff asserts violations of New Jersey Wage and Hour Law, *see* Compl. ¶¶ 25-27 (Count One), and New Jersey Wage and Payment Law, *see* Compl. ¶¶ 28-30 (Count Two).

Jersey facility performing services as truck drivers and/or deliverers for customers throughout New Jersey and surrounding areas. Compl. ¶¶ 1-4. Finally, there is no evidence before the Court that shows that another class action asserting the same or a similar claim on behalf of the same or other persons has been filed during the three-year period preceding the filing of this action.

With respect to factor C, this factor clearly weighs in favor of Defendant as Plaintiff concedes that this action was pled to avoid federal jurisdiction. ECF No. 5-1 at 14. Nevertheless, because five of the six factors weigh in favor of remand, and because this matter is "uniquely local" as opposed to multistate in character, the Court recommends that this matter be remanded to the Superior Court of New Jersey, Law Division, Essex County.

### IV.     CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to Fed. R. Civ. P. 78;

**IT IS** on this 28th day of December, 2018,

**RECOMMENDED** that Plaintiff's motion to remand [ECF No. 5] be **GRANTED**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

                                        s/James B. Clark, III  
                                        **HONORABLE JAMES B. CLARK, III**  
                                        **UNITED STATES MAGISTRATE JUDGE**