**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PEDRO ROBERTS, *on behalf of himself and all other similarly situated persons,*

*Plaintiff,*

v.

TRIBECA AUTOMOTIVE, INC., *et al.,*

*Defendants.*

Civil Action No. 18-8330

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before this Court on the December 28, 2018 Report and Recommendation ("R&R") of Magistrate Judge James B. Clark. D.E. 10. The R&R addressed a motion made by Plaintiff Pedro Roberts ("Roberts" or "Plaintiff") to remand this case to New Jersey Superior Court, Essex County, Law Division. D.E. 5. Defendant Tribeca Automotive, Inc. ("Tribeca" or "Defendant") opposed Plaintiff's motion, D.E. 8, and Plaintiff filed a reply, D.E. 9. The R&R recommends that Plaintiff's motion to remand be granted. D.E. 10. Tribeca filed a timely objection to the R&R, D.E. 11, and Plaintiff filed a response, D.E. 12.[1] The Court reviewed all relevant documents and submissions, and for the reasons stated below, the Court adopts the R&R in its entirety. Accordingly, Plaintiff's motion to remand is **GRANTED**.

---

[1] Defendant's brief in support of its objection will be referred to herein as "Def's Br." and Plaintiff's response will be referred to as "Plf's Br."

## I. FACTUAL BACKGROUND

The factual details of this dispute are explained in detail in the R&R. In sum, Plaintiff seeks to recover wages for a class of employees that were allegedly misclassified as independent contractors, rather than employees. *See* R&R.

## II. PROCEDURAL HISTORY

On August 1, 2016, Plaintiff filed a class action complaint in the Superior Court of New Jersey, Essex County, Law Division. D.E. 1-1 ("Compl."). After litigating the matter in state court for almost two years, Tribeca removed the action to this Court on April 26, 2018. In its Notice of Removal, Tribeca asserts that this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). D.E. 1-1. On May 25, 2018, Plaintiff filed a motion to remand. D.E. 5. Defendant filed a brief in opposition, D.E. 8, to which Plaintiff replied, D.E. 9. Judge Clark issued his R&R on December 28, 2018, recommending that Plaintiff's motion for remand be granted. Judge Clark first concluded that Defendant failed to prove, to a legal certainty, that Plaintiff can recover $5 million, the requisite amount in controversy for CAFA diversity jurisdiction. R&R at 5-7. Judge Clark next determined that even assuming that the statutory requirements for CAFA diversity jurisdiction were satisfied, the Court should decline to exercise jurisdiction pursuant to the CAFA discretionary home state exception. In doing so, Judge Clark concluded that all but one of the discretionary factors weighed in favor of remand such that the dispute is uniquely local. *Id.* at 7-9.

On January 10, 2019, Tribeca filed objections to the R&R. Tribeca argues that it did prove beyond a legal certainty that Plaintiff establishes damages in excess of $5 million, and that because this matter involves interstate trucking, the Court should exercise its discretion and retain jurisdiction. *See* Def's B. at 6-7. Tribeca also argues that the case should not be remanded because

Plaintiff's claims are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 29 U.S.C. §§ 14501 *et seq*. *Id*. at 7. Tribeca did not assert preemption as a basis for removal or in its opposition to Plaintiff's motion for remand. Accordingly, this argument was not addressed by Judge Clark in the R&R.

### III. LEGAL STANDARD

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within 14 days of service. The district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *2 (D.N.J. Oct. 12, 2012). The district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2); *see Edelson V., L.P.*, 2012 WL 4891695, at *2. "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Edelson V., L.P.*, 2012 WL 4891695, at *3 (internal quotations, citations, and brackets omitted). "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes).

## IV. ANALYSIS

### 1. The Amount in Controversy

CAFA provides federal courts with diversity jurisdiction over class actions when (1) the amount in controversy exceeds $5 million; (2) there are minimally diverse parties; and (3) the class consists of 100 or more members. *Gallagher v. Johnson & Johnson Consumer Cos.*, 169 F. Supp. 3d 598, 601-02 (D.N.J. Mar. 14, 2016) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)). To determine whether the CAFA jurisdictional requirements are met, a court may evaluate the allegations in the complaint and a defendant's notice of removal. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

At issue here is whether Plaintiff's damages exceed $5 million. Plaintiff's Complaint does not seek a specific amount of monetary damages and specifically states that the "the value of this matter falls below the $5 million threshold of the Class Action Fairness Act." Compl. ¶ 24. In Plaintiff's April 5, 2018, response to a R. 4:5-2 request for a statement of damages from Tribeca, however, Plaintiff stated that "Plaintiff and the Classes estimate their damages to be **$5,752,515.51**." *See* Notice of Removal, Ex. D, D.E. 1-4 (emphasis in original). Relying solely on this statement, Tribeca contends that CAFA diversity jurisdiction exists.

Where, as here, a plaintiff "expressly limit[s] the amount in controversy to an amount lower than the jurisdiction requirement, . . . the party wishing to establish subject matter jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold." *Frederico*, 507 F.3d at 195 (quoting *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006)); *see also Uddin v. Sears, Roebuck & Co.*, No.13-6504, 2014 WL 316988, at *4 (D.N.J. Jan. 27, 2014) ("[I]f a plaintiff expressly limits the claim to avoid subject matter jurisdiction, by expressly stating the amount at issue is less than $75,000, then the removing party bears the burden of

4

proving to a legal certainty the amount in controversy exceeds the statutory amount."). In such a case, a defendant must "submit[] facts sufficient for the Court to analyze whether the jurisdictional threshold is reached." *Goldberb v. Healthport Techs., LLC*, No. 14-2810, 2014 WL 3749210, at *4 (D.N.J. July 30, 2014).

Tribeca argues that Plaintiff's "obviously non-arbitrary demand for $5,752,515.51 makes it clear beyond a legal certainty that Plaintiff can prove damages in excess of the CAFA minimum." Def's Br. at 6-7. Plaintiff's letter does not. In his letter, Plaintiff expressly stated that the amount was only an estimate. *See* Notice of Removal, Ex. D. Moreover, as explained by Judge Clark:

> The letter fails to demonstrate, with even the slightest detail, how the demand was calculated and what variables were included to reach the amount. For example, Plaintiff's correspondence does not include the number of hours the proposed class members were already compensated for, nor does it include their salaries or the calculation for how the estimate of damages were reached.

R&R at 7. By relying solely on Plaintiff's letter, which contains *estimated* damages, and without further information or analysis, Tribeca fails to meet its burden. *See, e.g.*, *Goldberg*, 2014 WL 3749210, at *4 (remanding case because defendant did not submit sufficient facts for the court to determine whether the jurisdictional amount was satisfied). Because Tribeca does not satisfy the amount in controversy requirement under CAFA, this Court does not have jurisdiction over this matter.

### 2. Discretionary Home State Exception

Although Defendant's failure to establish the amount in controversy is dispositive, the Court will also address the CAFA home state discretionary exception since Defendant also objects to the R&R on these grounds. CAFA provides exceptions to federal court jurisdiction even if the requirements of Section 1332(d)(2) are otherwise satisfied. *See Ardino v. RetroFitness, LLC*, No. 14-1567, 2014 WL 7271937, at *3 (D.N.J. Dec. 18, 2014). The discretionary home state exception

5

is one such exception. Pursuant to the discretionary home state exception, a court, "in the interests of justice, [may] decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of the proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." *D.E. 10 v. Tumino's Towing, Inc.* No. 18-3165, 2018 WL 3141836, at *2 (D.N.J. June 27, 2018) (citing 28 U.S.C. § 1332(d)(3)). To decide whether to exercise its discretion under the exception, a court must consider the following

> [T]he totality of the circumstances . . . based on a consideration of
>
> > (A) whether the claims asserted involve matters of national or interstate interest;
> > (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
> > (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
> > (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
> > (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
> > (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3). "These factors are designed to elicit whether the parties' dispute is 'uniquely local' as opposed to multistate in character." *Lee v. Cent. Parking Corp.*, No. 15-454, 2015 WL 4510128, at *17 (D.N.J. July 24, 2015). Thus, if on balance the factors suggest that the dispute is local, "the court may exercise its discretion to remand." *Id.*

As noted, the action was originally filed in New Jersey state court. Defendant does not appear to challenge the fact that it is at home in New Jersey or that between one-third and two-thirds of the class members are citizens of New Jersey. Instead, Defendant argues

that the Court should not invoke the discretionary exception because this matter "involves interstate trucking, which is a field over which federal courts generally assert jurisdiction." Def's Br. at 7. Defendant maintains that although class members operate out of the Port of Newark, New Jersey, they deliver vehicles to other states. Moreover, Defendant contends that the outcome of this case will impact other interstate carriers, ocean shipping, port administration, and foreign and interstate commerce in general. *Id.*

Although Defendant is an interstate trucking company and the resolution of this matter may have an impact outside of this state, the matter involves New Jersey labor law. In fact, five of the six statutory factors favor remand. Factors (A) and (B) weigh towards remand because the asserted claims involve violations of the New Jersey Wage and Hour Law ("NJWHL") and the New Jersey Wage and Payment Law ("NJWPL"). *See* Compl. ¶¶ 25-30. Moreover, Plaintiff seeks recourse for alleged wage violations committed by a New Jersey employer, and does not assert any other state or federal violations. Factors (D) and (E) also support remand. Although some class members may cross state lines while performing their job, the claims arise from employment with a New Jersey employer. Defendant's primary place of business is located in New Jersey; class members worked out of Defendant's Carteret, New Jersey facility; and Plaintiff maintains that a majority of class members are citizens of New Jersey. Compl. ¶¶ 3-4; D.E. 5-1 at 11-12. Class members are citizens of New Jersey, New York and Florida. Sixty-four percent of the class are citizens of New Jersey and only two class members reside in Florida. D.E. 5-1 at 15. Finally, neither party has provided the Court with evidence suggesting that there is any other class action asserting the same or similar claims on behalf of class members. Thus, Factor (F) also weighs towards remand. Factor (C) is the only factor that weighs against

remand because Plaintiff concedes that the Complaint was pled to avoid federal jurisdiction. D.E. 5-1 at 14.

Because five of the six factors weigh towards remand, this matter is uniquely local. Accordingly, if CAFA jurisdiction did exist, the Court would exercise its discretion and remand the matter to the Superior Court of New Jersey. *See e.g.*, *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 461 (D.N.J. 2007) (remanding class action in which predominately New Jersey citizens asserted a New Jersey Consumer Fraud Act claim against a New Jersey bank).

### 3. Preemption

In its objection to the R&R, Defendant also argues that this case should not be remanded because Plaintiff's claims are preempted by the FAAAA. Def's Br. at 8. Defendant did not assert FAAAA preemption as a basis for federal jurisdiction in its Notice of Removal, and did not argue this issue in opposition to Plaintiff's motion for remand. Instead, Defendant raises this argument in its objection to the R&R for the first time.

A party objecting to an R&R "shall specifically identify the portions of the proposed findings, recommendations or report which an objection is made and the basis of such objection." L. Civ. R. 72.1(c)(2). Thus, a court is not "required to consider objections that were not presented before the magistrate." *Anamdi v. Kean Univ.*, No. 15-2887, 2015 WL 5138648, at *3 (D.N.J. Aug. 31, 2015).

In this instance, Defendant does not explain why it failed to raise this argument previously. And while the Court acknowledges that this issue has not been fully briefed, Defendant's argument appears to be meritless. *See Bedoya v. Am. Eagle Express Inc.*, --- F.3d ---, 2019 WL 348662, at *1 (3d Cir. Jan. 29, 2019) ("Because the FAAAA does not

preempt the New Jersey law for determining employment status for the purposes of NJWHL and NJWPL, we will affirm the order and remand for further proceedings."); *Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir. 2018) (concluding that the FAAAA did not preempt plaintiffs' claims regarding violations of the Illinois Wage Payment and Collection Act). Consequently, the Court sees no convincing reason to consider Defendant's preemption argument at this time.

## V. CONCLUSION AND ORDER

For the foregoing reasons, and for good cause shown,

**IT IS** on this 8th day of February, 2019,

**ORDERED** that the Court adopts the Report and Recommendation (D.E. 10) in its entirety; and it is further

**ORDERED** that Plaintiff's motion to remand (D.E. 5) is **GRANTED**; and it is further

**ORDERED** that this matter is remanded to the New Jersey Superior Court, Law Division, Essex County.

John Michael Vazquez, U.S.D.J.